MAHONEY, RESPONDENT, v. BUTTE HARDWARE
COMPANY, APPELLANT.

(No. 1,364.)

(Submitted February 24, 1903.    Decided March 6, 1903.)

### Corporations—Ultra Vires—Law of the Case.

1. Statement on a former appeal that it was not *ultra vires* for defendant, a corporation, to purchase from plaintiff certain claims against a third party, constitutes the law of the case.
2. It is not *ultra vires* for a corporation in the hardware business to purchase a claim against a third party secured by lien, where the purchase is made in good faith and for the protection of its own interests.

*Appeal from District Court, Silver Bow County; John Lindsay, Judge.*

ACTION by Edward L. Mahoney against the Butte Hardware Company.   From a judgment for plaintiff, and from an order denying a new trial, defendant appeals.   Affirmed.

*Mr. Bernard Noon,* and *Messrs. McBride & McBride,* for Appellant.

The ratification of an unauthorized contract, to be effectual and binding on the one sought to be bound as principal, must be shown to have been made by him with full knowledge of all the material facts connected with the transaction to which it relates, and that the existence of the contract, its nature and consideration, were known to him.   (*Wheeler* v. *N. W. S. Co.,* 39 Fed. 347-350; *Owens* v. *Hull,* 9 Pet. 607-629; *Benneck* v. *Ins. Co.,* 105 U. S. 360; *Blue & Field* v. *Bank,* 121 U. S. 135; *Rolling Mill* v. *R. R. Co.,* 5 Fed. 852; *McLennan* v. *Whitely,* 15 Fed. 322; *Dickinson* v. *Conway,* 12 Allen, 487-491.)

The burden is upon plaintiff asserting ratification, to show that a ratification was made under such circumstances as to be binding upon the party claimed to be bound as principal, and

that all material facts were known to him. (*Combs* v. *Scott,* 12 Allen, 493, 496; *Hardiman* v. *Ford,* 12 Ga. 205; *Wheeler* v. *N. W. S. Co.,* 39 Fed. 347-350.)

The burden was on plaintiff to show his authority. (*First National Bank* v. *Ocean National Bank,* 60 N. Y. 290; *Finch* v. *Kent,* 61 Pac. 652; *Bank of Deer Lodge* v. *Hope Mining Co.,* 3 Mont. 146; *Helena National Bank* v. *Rocky Mt. Tel. Co.,* 20 Mont. 379; *B. & B. Co.* v. *M. O. P. Co.,* 21 Mont. 539.)

Instructions stating the law correctly should not be given if they would mislead the jury. (*Huntoon* v. *Lloyd,* 7 Mont. 365-372; *Boucher* v. *Mulvehill,* 1 Mont. 379; *Goodkind* v. *Gilliam,* 19 Mont. 388.)

Instructions should not be given unless applicable, and warranted by the testimony. (*Dupont* v. *McAdow,* 6 Mont. 230; *Brownell* v. *McCormack,* 1 Mont. 65; *Kelly* v. *Cable Co.,* 7 Mont. 70; *Walsh* v. *Muller,* 16 Mont. 188.)

It is a well established principle in the law of agency that one person cannot make himself the agent of another so as to bind the other by merely representing that he is such agent; but that the party to whom he makes a proposal for contract in behalf of his alleged principal is bound at his peril to inquire and find out whether he has authority so to contract. (*New Haven & C. Co.* v. *Hayden,* 107 Mass. 525.)

Third parties dealing with an agent are put upon their guard by the fact that they are dealing with an agent and do so at their own risk. (*Rust* v. *Eaton,* 24 Fed. 830; *Johnson* v. *Alabama Gas & Mfg. Co.,* 8 So. Rep. 101; *Baring* v. *Pierce,* 40 Am. Dec. 534.)

A principal is responsible for the acts of his agent while acting within the scope of his authority, but courts will not enlarge his liability. (*Bank of Deer Lodge* v. *Hope Mining Co.,* 3 Mont. 146; *First Nat'l Bank* v. *Hall,* 8 Mont. 341-346.)

To charge a corporation upon the act of an officer or agent it must be shown directly or presumptively either that the act was performed while in the discharge of his ordinary duty in the usual course of business, and was within the general scope

and apparent sphere of such duty, or that it was expressly authorized, or that it was performed with the knowledge and implied assent of the directors of the corporation or its authorized officers or was subsequently authorized by them. (Abbott's Trial Evidence, page 32, Sec. 29; *First Nat'l Bank* v. *Ocean Nat'l Bank,* 60 N. Y. 278-290.)

There could be no ratification except by the act of the board of directors after full knowledge of all material facts. (*Owings* v. *Hall,* 9 Pet. 629; *DesMoines Co.* v. *Tilford M. Co.,* 70 N. W. 839, 841; *Pac. Rolling Mill* v. *D. S. & G. R. Ry. Co.,* 5 Fed. 852, 858; *Lyndon Mill Co.* v. *Lyndon L. & B. Co.,* 22 Atl. 575, 577.)

The burden was on plaintiff to show Watson's authority, if any could be shown, to make the agreement claimed by plaintiff to have been made. (*Finch* v. *Kent,* 61 Pac. 652; *Bank of Deer Lodge* v. *Hope Mining Co.,* 3 Mont. 146; *Helena National Bank* v. *Rocky Mt. Tel. Co.,* 20 Mont. 379; *B. & B. Co.* v. *M. O. P. Co.,* 21 Mont. 539.)

Corporations are artificial creations existing by virtue of law and organized for purposes defined in their charters; and he who deals with one of them is chargeable with notice of the purpose for which it was formed; and where he deals with agents or officers of one of them he is bound to know their powers and the extent of their authority. Corporations like natural persons are bound only by the acts and contracts of their agents done and made within the scope of their authority. (Angell & Ames on Cor., pages 288-301; *Alexander et al.* v. *Caldwell et al.,* 83 N. Y. 485; *Wilson* v. *Kings County Ry. Co.,* 114 N. Y. 487, 21 N. E. 1015-1016; *Woodruff* v. *Rochester & P. Ry. Co.,* 108 N. Y. 39, 14 N. E. 832-834; *Farmers & Merchants Nat'l Bank* v. *Smith,* 77 Fed. 129-135; *Victoris Gold Min. Co.* v. *Fraser et al.,* 29 Pac. 667; Art. I, Chap. XV, Fifth Div. Revised Stat. of Montana, 1879.)

Power of agent cannot exceed power of corporation. The contract claimed by plaintiff to have been made with defendant was beyond the powers of the corporation to make. ( *Relfe* v. *Rundle,* 103 U. S. 222-226; *Whitehurst* v. *Whitehurst,* 83 Va.

153, s. c. 1 S. E. 101; *Davis* v. *Old Colony Ry. Co.,* 41 Am.
Rep. 221; *Memphis Elevator Co.* v. *Mem. etc. Ry. Co.,* 85 Tenn.
703, s. c. 5 S. W. Rep. 52; *Pl. Road Co.* v. *Pl. Road Company,*
7 Wis. 59; *N. W. Packet Co.* v. *Shaw,* 37 Wis. 655, s. c. 19
Am. Rep. 781; *Hall* v. *Auburn Turnpike Co.,* 27 Cal. 255, s. c.
87 Am. Dec. 75, cited with approval in *Hall* v. *Crandall,* 29
Cal. 572; Morawetz on Corporations, Vol. 2, Secs. 579-580;
*Best Brewing Co.* v. *Klassen,* 57 N. E. 20, 185 Ill. 37.)

*Mr. John W. Cotter,* for Respondent.

MR. CHIEF JUSTICE BRANTLY delivered the opinion
of the court.

By this action recovery is sought by the plaintiff of the sum
of $1,691.31, the amount of an account which he alleges he
sold to the defendant at its face value, and which the defendant
promised to pay. The account was for a boiler sold and de-
livered to the Shonbar Mining Company, and for labor done in
its behalf. Upon a former appeal to this court, a judgment in
favor of the plaintiff was reversed and a new trial granted be-
cause of error during the trial in the exclusion of certain evi-
dence. (*Mahoney* v. *Butte Hardware Co.,* 19 Mont. 377, 48
Pac. 545.) A complete statement of the case precedes the for-
mer opinion. It is therefore not necessary to repeat it here.
By reference to that statement, it appears that the issue between
the parties on the first trial was whether the transaction between
the plaintiff and the manager of the defendant corporation
amounted to a sale of the account, or whether it was an assign-
ment of it only for the purpose of collection. Incidentally there
was also involved the question whether the defendant corpora-
tion had the power under its charter to make the purchase, and
also whether the manager was authorized to make it for the
company. The plaintiff then contended that he could have se-
cured his account by filing a statutory notice of a mechanics'
or furnishers' lien, and that the purpose of the purchase by the
defendant was to protect a claim it held against the Shonbar
Mining Company, which was unsecured, and therefore inferior

to that of the plaintiff and others of like character.   Upon the second trial the contention was that the plaintiff was about to attach the property of the Shonbar Mining Company, and that the defendant company, through its manager, purchased the account in order to protect its own unsecured claim, promising that when it finally obtained a sheriff's deed to the real property of the Shonbar Mining Company it would pay the plaintiff the full amount of his claim.   The defendant contended, as before, that the claim was assigned for the purpose of collection only, and that, though it had obtained title to the property, it had obtained it through the purchase of other claims which were secured by liens, and through the foreclosure of such liens, and that, having collected nothing upon the plaintiff's claim, though it had reduced it to judgment in connection with its own claim, it owed the plaintiff nothing.   The plaintiff had judgment, and the defendant prosecutes these appeals from the judgment and an order denying it a new trial.

Many errors are assigned upon the admission and exclusion of evidence and upon the instructions submitted to the jury. The point is also made that the evidence is insufficient to justify the verdict.   In their briefs counsel have discussed extensively the power of the defendant corporation under its charter to purchase such claims for any purpose, as well as the principles of law of agency applicable.   We shall not give special notice to any of the errors assigned.   A careful consideration of the record reveals no prejudicial error in any ruling of the court upon questions of the admissibility of evidence.   There was evidence that the manager had authority to purchase, and that he did purchase, the plaintiff's account, as plaintiff contended. Touching the contention that the purchase was *ultra vires* of the corporation, this court on the former appeal said:   "It was not *per se* an act [of] *ultra vires* for the appellant to purchase claims against the Shonbar Mining Company, secured by liens, in order to protect its own account.   Conceding that it was organized to do a hardware business only, still if, in the course of its legitimate business, it became necessary, in the exercise of business prudence, to purchase these claims for the protection

of its own interest, and such claims were purchased in good faith, for that purpose only, that would not have been a violation of its charter or of the statutes of the state pertaining to corporations of its character." This statement became the law of the case, and is conclusive upon this appeal. We think it embodies the correct view. There is nothing in the charter of the defendant nor in the laws of this state prohibiting such a transaction, nor was the transaction inconsistent with the purposes for which it was organized, to-wit, to do a hardware business. Indeed, we think it among the necessary powers of a commercial corporation that resort may be had by it to any expedient not prohibited by law, and within the course of its legitimate business, which may be dictated by motives of prudence, to collect debts due it, or otherwise to protect and secure its assets for the benefit of its stockholders, provided only its officers proceed in good faith and for that purpose only. There is no difference in principle between the purchase of a claim which is or may be secured by mechanic's lien and that of a claim which may be secured by an attachment lien. The fact that the particular expedient resorted to proved ineffective to accomplish the purpose for which it was made does not alter the case or in any wise change the position of the parties.

The judgment and order appealed from are affirmed.

*Affirmed.*

MR. JUSTICE MILBURN, being ill, did not hear the argument and takes no part in the foregoing decision.

Rehearing denied April 10, 1903.